IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MARGIE FITE,                         )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )    Case Number CIV-12-25-RJC
                                     )
BAYER CORPORATION,                   )
BAYER CORPORATION DISABILITY         )
PLAN, BAYER CORPORATION ERISA        )
REVIEW COMMITTEE, and MATRIX         )
ABSENCE MANAGEMENT, INC.,            )
                                     )
                    Defendants.      )

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff was employed as a pharmaceutical sales consultant for Defendant Bayer.  On June 10, 2009, Plaintiff, claiming she was disabled due to a major depressive order and generalized anxiety disorder, applied for short-term disability benefits.  That application was approved and on June 25, 2009, Plaintiff began receiving short-term disability benefits through a plan provided by her employer.  A series of reviews, benefit denials, and appeals continued through December 2010.  At that time, Plaintiff was referred for a psychiatric independent medical examination by Dr. Mark A. Kelley.  Dr. Kelley determined that Plaintiff had been disabled from her job from June 10, 2009, through December 8, 2009, and beyond.  On January 17, 2011, Dr. Kelley, in completing a form letter provided by Defendant, noted that Plaintiff's position at Bayer was responsible for causing her current disability.  Dr. Kelley then identified that the degree to which her employment was a causal factor was between 76% and 100%.  Based on Dr. Kelley's responses, Defendant determined

that Plaintiff was not eligible for benefits under her plan, as the plan excludes benefits for disabilities resulting from employment-related mental or emotional disabilities.  (Dkt. No. 29, Ex. 11, p. 35.)  The present action ensued after Defendant denied Plaintiff's claim for benefits.

Plaintiff filed her action seeking benefits under the policy and statutory penalties under 29 U.S.C. § 1132(a), (c).  However, Plaintiff has dismissed her claim for statutory penalties and therefore that claim is no longer at issue.  The sole issue remaining for determination by the Court is Plaintiff's entitlement to disability benefits.

A plan administrator's determination of eligibility for benefits is reviewed by the Court under a highly deferential standard of review.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Under this standard, the Court will uphold the administrator's decision unless it is arbitrary and capricious.  Adamson v. UNUM Life Ins. Co. of Am., 455 F.3d 1209, 1212 (10th Cir. 2006).  The Tenth Circuit has set forth the scope of review under the arbitrary and capricious standard:

> When reviewing under the arbitrary and capricious standard, "[t]he Administrator['s] decision need not be the only logical one nor even the best one.  It need only be sufficiently supported by facts within [his] knowledge to counter a claim that it was arbitrary or capricious."  Woolsey [v. Marion Labs, Inc.], 934 F.2d [1452] at 1460 [(10th Cir. 1991)].  The decision will be upheld unless it is "not grounded on *any* reasonable basis."  Id. (citation omitted).  The reviewing court "need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness–even if on the low end."  Vega v. National Life Ins. Serv., Inc., 188 F.3d 287, 297 (5th Cir. 1999).

Kimber v. Thiokol Corp., 196 F.3d 1092, 1098 (10th Cir. 1999).

It is this deferential standard of review that is fatal to Plaintiff's arguments.  Plaintiff argues first that the plan language is ambiguous.  However, the Court finds Plaintiff's arguments, when distilled to their essence, are in reality a difference in opinion about how the decision by Dr. Kelly should be evaluated.  That is, Plaintiff's view of the evidence differs from that of Defendant.  Of course, as noted above, simply having a different view of the evidence is insufficient to demonstrate that the plan administrator's decision was arbitrary or capricious.  As the Tenth Circuit determined in Adamson, there is no requirement that the decision be the only logical decision or even the best decision.  Rather, the decision must only be predicated on a reasoned basis.  It is only necessary that the administrator's decision resides "somewhere on a continuum of reasonableness–even on if on the low end." Kimber, 196 F.3d at 1098.

Although Plaintiff raises concerns about Dr. Kelley's determination being the result of simply checking a box on a form letter, it is unnecessary to address her arguments in detail.  The simple fact is, Defendant's decision was grounded on at least some reasonable basis.  Therefore, the Court is compelled to find it was not arbitrary and capricious.  That Plaintiff wishes a different result had occurred or even that a different doctor may have reached a different result, does not demonstrate that the administrator's decision was arbitrary or capricious.

Plaintiff's second argument asserts that Defendant's denial should be reversed because Defendant continued to move the target; that is, Defendant continued to rely on differing bases for its denial, forcing Plaintiff to jump through a series of hoops, until Defendant

3

ultimately settled on Dr. Kelley's report and the employment causation exclusion as the basis for its denial.  The difficulty with this argument is that the facts simply do not support it. Rather, what is apparent is that both parties engaged in a process created by the plan to allow for production and review of relevant supporting evidence.  Ultimately, when the parties were unable to reach agreement based on this gathering of evidence, an independent opinion was obtained.  With  that independent opinion in hand, Defendant then applied the terms of the plan to that opinion and determined that Plaintiff was ineligible for benefits.  Plaintiff simply has failed to offer any argument or evidence from which a determination could be made that this decision was arbitrary and capricious.

For the reasons set forth herein, Defendants' Motion for Summary Judgment (Dkt. No. 29) is GRANTED.  Defendants' Motion to Strike Documents Outside of the Administrative Record (Dkt. No. 36) is STRICKEN as moot.  A judgment will enter.

IT IS SO ORDERED this 12th day of March, 2013.

ROBIN J. CAUTHRON
United States District Judge